RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York  10165
(212) 297-0700
sriemer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL E. WENGER,                                    12 CV 01896 (KBF)

                             Plaintiff,       AFFIRMATION OF
                                                      SCOTT M. RIEMER
   -against-
                                                      ECF Case
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

             Defendant.
-----------------------------------------------------------------X

      SCOTT M. RIEMER, an attorney duly admitted to practice in the Courts of this States, does hereby affirm to be true under the penalties of perjury as follows:

      1.     I am counsel for plaintiff Michael E. Wenger in the above-referenced action.  I submit this affirmation in opposition to of defendant's motion to for summary judgment, dated December 13, 2013 (Docs. 48, 51).

      2.     **Exhibit 1** is a true and correct copy of the claim file provided by the Social Security Administration ("SSA") regarding plaintiff's claim for Social Security disability insurance benefits, including the Notice of Award, dated September 16, 2012 (pp. 2-8).

      3.     On or about September 16, 2012, the SSA rendered a favorable determination finding Wenger to be disabled with an onset date of September 25, 2009.  (Ex. 1, p. 2).

      4.     The SSA's definition of disability is <u>more</u> restrictive than Prudential's "regular occupation" and "any gainful occupation" standard, as the SSA requires the claimant to be unable to work in "any occupation in the National Economy."

5. The SSA found Wenger's disability claim to be so compelling that his benefits were awarded at the initial level without having a hearing before an Administrative Law Judge.

6. The favorable SSA determination is supported by two <u>independent</u> medical examinations administered by a Board-certified neurologist and psychologist (in addition to the medical records from Wenger's treating physicians):

- <u>Disability Evaluation by Adrian Klufas, M.D., dated June 20, 2012</u>: "The summary on this patient in short, this patient has multiple sclerosis, he does have peripheral deficits in field of vision especially laterally. [. . .] He did have finger-to-nose past pointing. . . . He is currently on Tysabri. This apparently worsened in symptomatology over the last several years. He does have symptoms of focusing and concentration. [. . .] His activity tolerance is apparently limited to all the above symptomatology." (Id. at pp. 234).

- <u>Psychological Evaluation by Ralph R. Ford, Ph.D., dated July 16, 2012</u>: Wenger was administered the WAIS-IV to assess his cognitive functioning. Consistent with the prior neuropsychological testing in the Record, Dr. Ford opines: "His Processing Speed Index (PSI) is 81 which falls at the 10th percentile in the Low Average Range." He further opines that "Mr. Wenger does not appear to be suffering from chronic or persistent mental health disorder." (Id. at pp. 257-58).

7. The favorable SSA determination was rendered <u>after</u> Prudential's second appeal denial, dated August 10, 2011.

8. **Exhibit 2** is a true and correct copy of the Rebuttal Report by Dr. Joseph B. Guarnaccia, plaintiff's treating neurologist, dated January 14, 2014, his curriculum vitae, and medical references cited in the report.

9. In his 1/14/14 Report, Dr. Guarnaccia provides his rebuttal to the paper reviews completed by Prudential's medical consultants, Drs. Leonid Topper and James R. Boone, to demonstrate that the statements made by Drs. Topper and Boone were inconsistent with the evidence in the Record. (Ex. 2, pp. 3-5).

10. In the 1/14/14 Report, Dr. Guarnaccia unequivocally opines that Wenger has been

2

disabled due to MS-related impairments as of September 25, 2009:

> It is my opinion that Mr. Wenger's cognitive and physical impairments due to multiple sclerosis are substantiated by his MRI scans demonstrating lesions, results of neuropsychological testing, and his reports of specific cognitive problems at work. These impairments are consistent with his inability to work at both his former position with Nasdaq as well as any other occupational position suitable to his training and experience as of September 25, 2009.

(Ex. 2, p. 5).

11. Dr. Guarnaccia did not have the opportunity to respond or otherwise rebut the paper reviews completed by Drs. Topper and Boone because Wenger was only notified of these review after the administrative process was over.

12. **Exhibit 3** is a true and correct copy of the Vocational Analysis by James T. Parker, CVRP, CRC, dated January 14, 2014 ("Parker Analysis").

13. Wenger underwent a vocational analysis with James T. Parker, CVRP, CRC, to assess his ability to return to work. Based on his review of the relevant records and interview of Wenger, Parker conclusively opined that Wenger is precluded from performing his "Regular Occupation," as well as, "any gainful occupation," as defined by the terms of the LTD Plan:

> Mr. Wenger has an excellent work history of many years duration with NASDAQ in which he received many promotions and professional recognition. Mr. Wenger continued in employment despite increasing symptoms related to MS. This is evidence of Mr. Wenger's professional achievement and his motivation to work. Based on the limitations established by Mr. Wenger's physicians and Prudential's evaluators and income requirements, he is totally disabled from his Regular Occupation as well as in any gainful employment and has been disabled since 9/25[/]09.

(Ex. 3, p. 3).

14. The Parker Analysis considered the restrictions and limitations assessed by Dr. Topper with respect to Wenger's MS-related visual impairments, which Prudential did not properly consider in the context of Wenger's regular occupation. The Parker analysis provides:

> Dr. Guarnaccia and Dr. Kostina O'Neil have assessed visual field impairments with blurred vision, impaired ability to distinguish letters and

3

> words, and reduced field of vision. Dr. Topper also assessed visual impairments including limiting computer work to one hour at a time and four hours a day. According to Mr. Wenger, he is only able to look at a computer screen for brief periods of time before the onset of headaches and increasing vision impairments that negatively impact his ability to work at a computer and read text.
>
> According to the DOT, frequent (1/3rd to 2/3rd of a day) near acuity is required in performing essential job duties. According to ONET, near and far vision are rated as important descriptors of performing essential duties of a Data Processing Manager. In addition, in Mr. Wenger's Regular Occupation, core tasks include reviewing projects, studies and preparing reports. The ability to perform tasks requiring written expression and comprehension are rated as very important descriptors of essential job duties. Mr. Wenger's vision impairments with related inability to sustain computer use and read text vocationally disable him from performing essential job duties.

(Id. at p. 10).

15. Wenger did not have the opportunity to submit a vocational evaluation during the claim process in light of the restrictions and limitations admitted by Dr. Topper. Wenger only was notified of Dr. Topper's review <u>after</u> the administrative process was over.

16. Prudential's 8/10/11 denial was rendered <u>prior</u> to the change in the definition of "disability" from "regular occupation" to the "any gainful occupation" standard on March 25, 2012.

17. WHEREFORE, defendant's motion for summary judgment should be denied in its entirety.

Dated:  New York, New York
        January 21, 2014

                                        /s/Scott M. Riemer
                                        Scott M. Riemer (SR5005)

TO:

Michelle d'Arcambal, Esq.
D'Arcambal Ousley & Cuyler Burk LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
mdarcambal@darcambal.com

CERTIFICATE OF SERVICE

      I certify that on January 21, 2014, I served a true and complete copy of the foregoing AFFIRMATION OF SCOTT M. RIEMER by transmitting the same by electronic mail to the following individuals at the e-mail addresses indicated:

Michelle d'Arcambal, Esq.
D'Arcambal Ousley & Cuyler Burk LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
mdarcambal@darcambal.com

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on January 21, 2014.

Dated:  New York, New York
         January 21, 2014

                                                /s/ Scott M. Riemer
                                                Scott M. Riemer (SR 5005)
                                                RIEMER & ASSOCIATES, LLC
                                                60 East 42nd Street, Suite 1750
                                                New York, New York 10165
                                                (212) 297-0700
                                                sriemer@riemerlawfirm.com